UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SISOMPHONE PHANVONGKHAM, FELICIA NAVARRO,<br><br>Plaintiffs,<br><br>vs.<br><br>GSF PROPERTIES, INC., *et al.*,<br><br>Defendants. | Case No. 1:17-cv-00051-DAD-EPG<br><br>**FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFFS' COMPLAINT AND MOTIONS TO PROCEED IN FORMA PAUPERIS**<br><br>OBJECTIONS DUE WITHIN FOURTEEN (14) DAYS<br><br>(ECF Nos. 5, 9-10) |

## I. INTRODUCTION

Plaintiffs Sisomphone Phanvongkham and Felicia Navarro, appearing *pro se*, filed a Complaint on January 12, 2017. (ECF No. 1.). After the Complaint was initially stricken from the record, Plaintiffs re-filed the Complaint on February 1, 2017. (ECF Nos. 4-5.) The Complaint alleges injuries stemming from an unlawful detainer eviction by Defendants GSF Properties, Inc., Fresno Housing Authorities, and Steve Richard Hrdlicka. *Id.* Plaintiffs also seek to proceed *in forma pauperis* in this action. The Court has screened the Complaint and Motion to Proceed *In Forma Pauperis* and makes its recommendations herein, namely, that Plaintiffs' Motion be denied and the Complaint be dismissed.

\\\

## II. APPLICATION TO PROCEED IN FORMA PAUPERIS

As a general rule, all parties instituting any civil action, suit, or proceeding in a district court must pay a filing fee. 28 U.S.C. § 1914(a). However, the Court may authorize the commencement of an action "without prepayment of fees and costs of security therefor, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Therefore, an action may proceed despite a failure to prepay the filing fee only if leave to proceed *in forma pauperis* is granted by the Court. *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

The Ninth Circuit has held that "permission to proceed in forma pauperis is itself a matter of privilege and not right; denial of in forma pauperis status does not violate the applicant's right to due process." *Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984). The Court has broad discretion to grant or deny a motion to proceed *in forma pauperis*. *O'Laughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990) (a "district court may deny leave to proceed [*in forma pauperis*] at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit."). Because, as explained below, Plaintiffs' Complaint is frivolous and without merit, the application to proceed *in forma pauperis* should be denied.

## III. LEGAL STANDARD

Under 28 U.S.C. § 1915(e)(2), the Court must conduct a review of a *pro se* complaint to determine whether it "state[s] a claim on which relief may be granted," is "frivolous or malicious," or "seek[s] monetary relief against a defendant who is immune from such relief." If the Court determines that the complaint fails to state a claim, it must be dismissed. *Id.* Leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. at 663 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id*. at 678.

In determining whether a complaint states an actionable claim, the Court must accept the allegations in the complaint as true, *Hospital Bldg. Co. v. Trs. of Rex Hospital*, 425 U.S. 738, 740 (1976), construe *pro se* pleadings liberally in the light most favorable to the Plaintiff, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal*).

**IV.    PLAINTIFFS' ALLEGATIONS**

Plaintiffs allege that an unlawful detainer action was commenced in early 2014 in Fresno Superior Court seeking possession of a leased premises and back rent. (ECF No. 5, pp. 2-3.) The landlord was represented by Defendant Steve Richard Hrdlicka and his associated law firm. The state court awarded possession of the premises to the landlord and entered a judgment against Plaintiffs, the former tenants, for $2,694.40. It is also alleged that Plaintiffs were ordered to pay $337 in back rent, $490 in court costs, and $1,500 in legal fees to Hrdlicka. Plaintiffs allege that Hrdlicka "put up hurdles to prevent payment so they would default on the agreement." *Id*. at 5. Plaintiffs attempted to appeal the judgment. *Id*. at 4. The appellate court summarily denied the Plaintiffs' petition for a writ of mandate.

Based on this conduct, Plaintiffs allege four state-law causes of actions, as follows: 1) Wrongful eviction; 2) Negligence; 3) Breach of Contract; and 4) Legal Malpractice. They ask for damages in a sum of no less than $75, 0000, costs, and attorney fees.

\\\
\\\

3

## V. DISCUSSION

Federal courts are courts of limited jurisdiction and lack inherent or general subject matter jurisdiction. Federal courts can adjudicate only those cases which the United States Constitution and Congress authorize them to adjudicate. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375 (1994). To proceed in federal court, a plaintiff's pleading must establish the existence of subject matter jurisdiction. Generally, there are two potential bases for federal subject matter jurisdiction: (1) federal question jurisdiction, or (2) diversity jurisdiction.

"[A] case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088–89 (9th Cir. 2002), *quoting Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8–9 (1983). The presence or absence of federal question jurisdiction is governed by the "well-pleaded complaint rule." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id*.

Here, the Complaint does not appear contain any allegation of a violation arising under the Constitution, federal law, or treaties of the United States. Plaintiffs cite to the First Amendment at one point in their Complaint (ECF No. 5, p. 2), but the First Amendment to the United States Constitution does not relate to any of their claims.[1] Nor does it appear that any of the Defendants were acting under color of state law. Plaintiffs' claims are related to an allegedly improper eviction. Plaintiffs' claims are state claims and do not invoke federal subject matter jurisdiction. *Kaohi v. Kaiser Found. Health Plan, Inc.*, Case No. 15-00266 SOM/RLP, 2015 WL 6472231, at *5 (D. Haw. Oct. 27, 2015) (remanding medical malpractice claims to state court).

Alternatively, under 28 U.S.C. § 1332, federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value

---

[1] Plaintiffs intermittently cite to federal law in other places in the Complaint. (See ECF No. 5, pp. 5, 8). However, it is clear from a fair reading of the allegations that these citations are not intended to provide legal support any federal cause of action.

of $75,000" and where the matter is between "citizens of different states." 28 U.S.C. § 1332. "Subject matter jurisdiction based upon diversity of citizenship requires that no defendant have the same citizenship as any plaintiff." *Tosco Corp. v. Communities for a Better Env't*, 236 F.3d 495, 499 (9th Cir.2001) (per curiam), *abrogated on other grounds by Hertz Corp. v. Friend*, 559 U.S. 77, 130 S.Ct. 1181 (2010), *citing* 28 U.S.C. § 1332(a). "A plaintiff suing in federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court . . . on discovering the [defect], must dismiss the case, unless the defect be corrected by amendment." *Id.*, *quoting Smith v. McCullough*, 270 U.S. 456 (1926).

As an initial matter, Plaintiffs do not make any allegation that diversity jurisdiction exists. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857-858 (9th Cir. 2001) ("the party asserting diversity jurisdiction bears the burden of proof."). Moreover, Plaintiffs reside in California and the Defendants also all appear to be citizens of California. Thus, diversity jurisdiction does not exist. 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business.").

Additionally, Plaintiffs appear to have lost in state court and are now challenging the outcomes of the state court decisions in federal court. This is not allowed because federal district courts are without jurisdiction to hear direct appeals from the judgments of state courts. *Cooper v. Ramos*, 704 F.3d 772, 777 (9th Cir. 2012). *See also Skinner v. Switzer*, 562 U.S. 521, 532, 131 S. Ct. 1289, 1297, 179 L. Ed. 2d 233 (2011) (providing that the "*Rooker-Feldman* doctrine" prohibits federal district court review of cases brought by state-court losers inviting district court review and rejection of the state court's judgments). Only the Supreme Court of the United States has jurisdiction to review state-court judgments. *See Cooper*, 704 F.3d at 777 (citing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983)).

Dismissal of a *pro se* complaint without leave to amend is appropriate where any opportunity to amend the complaint would be futile. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("a district court should grant leave to amend even if no request to amend the

pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts."). Remedial amendments would require Plaintiffs to plead new facts that are completely different from the facts the Complaint already alleges. Dismissal without leave to amend is thus appropriate.

## VI. RECOMMENDATION

For the reasons set forth above, the Court finds that the Complaint fails to state a claim under 28 U.S.C. § 1915(e)(2). Accordingly, the Court RECOMMENDS that the Applications to Proceed i*n forma pauperis* be DENIED (ECF Nos. 9-10) and the Complaint (ECF No. 5) be DISMISSED WITHOUT LEAVE TO AMEND.

These findings and recommendations will be submitted to the United States District Judge assigned to this case pursuant to the provisions of Title 28 of the United States Code section 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **May 1, 2017**   /s/ Erin P. Grosjean
UNITED STATES MAGISTRATE JUDGE