1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                         FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   SISOMPHONE PHANVONGKHAM and          No.  No. 1:17-cv-00051-DAD-EPG
     FELICIA NAVARRO,
12
                      Plaintiff,
13                                          ORDER DENYING PLAINTIFFS' NOTICE
             v.                             OF MOTION
14
     GSF PROPERTIES, INC., et al.,          (Doc. No. 15)
15
                      Defendants.
16

17

18

19          Plaintiffs Sisomphone Phanvongkham and Felicia Navarro, proceeding *pro se*, alleged in

20   this action injuries stemming from an unlawful detainer action and eventual eviction by the

21   defendants.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C.

22   § 636(b)(1)(B) and Local Rule 302.  On May 2, 2017, the assigned magistrate judge issued

23   finding and recommendations, recommending that plaintiffs' applications to proceed *in forma*

24   *pauperis* be denied and that this case be dismissed.  (Doc. No. 11.)  Therein, the magistrate judge

25   concluded that subject matter jurisdiction was lacking because plaintiffs' complaint failed to state

26   a federal cause of action and diversity jurisdiction was not present.  (*Id.*)  The findings and

27   recommendations were served on the parties and contained notice that objections thereto were to

28   be filed within thirty days.  (*Id.*)  On May 16, 2017, plaintiffs timely filed objections to the

                                                  1

findings and recommendations. (Doc. No. 12.) On June 12, 2017, the undersigned adopted the findings and recommendations in full upon a *de novo* review and entered judgment in favor of defendant. (Doc. Nos. 13 and 14.) Before the court now is plaintiffs' filing styled as a "Prose [sic] Notice of Motion Other Paper Drawing Into Question of a State & Federal Statue [sic]." (Doc. No. 15.) The court will construe plaintiffs' filing as a motion seeking relief from judgment under Federal Rule of Civil Procedure 60(b).

## LEGAL STANDARD

Rule 60(b) of the Federal Rules of Civil Procedure provides in relevant part:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

"A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c). "What constitutes 'reasonable time' depends upon the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to the other parties." *Lemoge v. United States*, 587 F.3d 1188, 1196–97 (9th Cir. 2009) (quoting *Ashford v. Steuart*, 657 F.2d 1053, 1055 (9th Cir. 1981)).

Generally speaking, a motion for reconsideration "should not be granted . . . unless the district court is presented with newly discovered evidence, committed clear error, or if there is an

1 | intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665

2 | (9th Cir. 1999) (citing *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993));

3 | *accord Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir.

4 | 2009).[1]  Accordingly, it has been recognized that reconsideration of a prior order is an

5 | extraordinary remedy "to be used sparingly in the interests of finality and conservation of judicial

6 | resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citations

7 | omitted); *see also Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (addressing

8 | reconsideration under Rule 60(b)).  In seeking reconsideration under Rule 60, the moving party

9 | "must demonstrate both injury and circumstances beyond his control." *Harvest*, 531 F.3d at 749

10 | (internal quotation marks and citations omitted).

11 | **DISCUSSION**

12 |     In seeking reconsideration plaintiffs argue that:  (1) the magistrate judge's findings and

13 | recommendations disregarded "the legal standard used to determine when the Freedom of

14 | Information Act (FOIA) permits a categorical rule of withholding;" and (2) the magistrate judge

15 | erred in "concluding that the existence or nonexistence of old records on court of opinion

16 | classified fact that is not subject to automatic declassification under legal action brought by whom

17 | is licensee . . . ."  (Doc. No. 15 at 3.)  Among other things, plaintiffs also now seek leave to

18 | amend their complaint.  (*Id.* at 2.)  These contentions are substantially the same, with some slight

19 | variances, to those made by plaintiffs in their objections to the magistrate judge's findings and

20 | recommendations which the undersigned adopted after conducting *de novo* review.  Moreover,

21 | the points raised by plaintiffs fail to relate in any way to the claim advanced in their complaint for

22 | improper eviction.

23 |     In their pending motion plaintiffs do not specify why this action was erroneously

24 | dismissed and instead raise points addressed by the state court in the underlying eviction

---

[1]  The Local Rules of this court require, in relevant part, that in moving for reconsideration of an order denying or granting a prior motion, party must show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown" previously, "what other grounds exist for the motion," and "why the facts or circumstances were not shown" at the time the substance of the order which is objected to was considered.  Local Rule 230(j).

proceeding.  Plaintiffs do not offer any new evidence or point out any change in the law that would justify the granting of relief from this court's prior judgment.

### CONCLUSION

For these reasons plaintiffs' motion (Doc. No. 15), construed as a motion for relief from judgment under Rule 60(b), is denied.  The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:  __**March 29, 2018**__

_____
UNITED STATES DISTRICT JUDGE